IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| 0.12 ACRES OF LAND, MORE OR ) | |
| LESS, IN WASHINGTON COUNTY, ) | |
| MARYLAND; STATE OF MARYLAND, ) | |
| DEPARTMENT OF NATURAL RESOURCES, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT IN CONDEMNATION

Plaintiff, Columbia Gas Transmission, LLC ("**Columbia**"), pursuant to its power of eminent domain, as authorized by 15 U.S.C. § 717f(h), and pursuant to Federal Rule of Civil Procedure 71.1, files this Complaint in Condemnation for (i) an order of condemnation for the easement, right-of-way, and other necessary property interests more particularly depicted and described in **Exhibit B**, attached hereto and incorporated by reference herein (the "**Easement**"); (ii) the ascertainment and award of just compensation and damages properly attributable to Columbia's acquisition of the Easement; and (iii) pursuant to Columbia's Motion for an Order of Condemnation and for Preliminary Injunction (and attached Declaration in Support) and its Memorandum in Support, which are filed contemporaneously herewith and incorporated by reference herein  (collectively referred to as the "**preliminary injunction moving papers**"), an order granting Columbia immediate access to and use of the Easement.

### The Parties

1. Columbia is a Delaware limited liability company, properly authorized to do business in the State of Maryland.

2. Columbia is a company organized for the purpose of, among other things, transporting natural gas in interstate commerce through pipes and conduits, and is an interstate natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. §§ 717a(6) and (1), and as such, is qualified to construct, own, operate, and maintain pipelines for the transmission of natural gas in interstate commerce. Columbia acts pursuant to authorization granted by, and subject to, Federal Energy Regulatory Commission ("**FERC**") jurisdiction.

3. The State of Maryland, Department of Natural Resources ("**MDNR**" or "**Defendant**") is the record title holder of the Tract and the only party in interest potentially affected by this taking.

4. The Easement sought to be condemned in this action is 0.12 acres, more or less, in Washington County, Maryland. The legal description of the real property at issue in this case (the "**Tract**" or "**Tract No. 1**"), along with the specific easement interests in and to Tract No. 1 that Columbia seeks (*i.e.*, the uses for which the property is to be taken and the interests are to be acquired), are depicted and described in detail in **Exhibit B**, which is attached hereto and incorporated herein by this reference.

## Jurisdiction and Venue

5. This is a civil action for the taking of property interests under the power of eminent domain and for the determination and award of just compensation related thereto. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, and pursuant to 28 U.S.C. § 1337 because this action arises under an Act of Congress regulating interstate commerce. The Natural Gas Act, 15 U.S.C. § 717f(h) grants federal jurisdiction.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), as the Tract is situated within this judicial district.

**The FERC Certificate, Project, and Project Route**

7. On July 19, 2018, in FERC Docket No. CP17-80-000, FERC granted Columbia a certificate of public convenience and necessity (the "**Certificate**"). A true and correct copy of the Certificate is attached hereto and incorporated herein by this reference as **Exhibit A**.

8. The FERC Certificate approves the construction and operation of approximately 3.37 miles of 8-inch diameter natural gas pipeline, extending from existing 20-inch and 24-inch pipelines in Fulton County, Pennsylvania to a site in Morgan County, West Virginia (the "**Project**"). The subject pipeline will commence at interconnections with Columbia's Line 1804 and Line 10240 in Pennsylvania, and the proposed pathway of the pipeline will cross Washington County, Maryland and travel under the Potomac River before ending at a point of delivery with the local distribution system of Mountaineer Gas Company, the project shipper, in Morgan County, West Virginia.

9. The Project will provide up to 47,500 dekatherms per day (Dth/d) of incremental firm transportation service to serve markets in West Virginia, in addition to serving multiple communities by increasing supply options and enabling the safe and reliable transport of natural gas.

10. The FERC determined, among other things, that, "[b]ased on the benefits the project will provide and the lack of effects on existing shippers, other pipelines and their captive customers, and landowners and surrounding communities, . . . the public convenience and necessity requires approval of Columbia's proposal under section 7 of the NGA, as conditioned in this order." Ex. A at ¶ 16.

11. The FERC Certificate expressly provides that Columbia may exercise eminent domain authority consistent therewith, and pursuant to the Natural Gas Act, as described more fully below.

12. The FERC has determined and approved the route of the Project (the "**Project Route**").

13. The Easement is a portion of the Project Route approved by the FERC Certificate as necessary for the construction, maintenance, operation, alteration, testing, replacement, and repair of the Project.

14. Of the 22 tracts of real property impacted by the Project in total, Columbia has, prior to instituting these proceedings, successfully negotiated the voluntary acquisition of easements on 18 tracts (82% of the tracts), leaving only this single tract and three others under common ownership of the National Park Service unacquired. All privately-owned property has been voluntarily acquired without the need for Court intervention.

**Columbia's Efforts to Acquire the Easement**

15. Columbia has caused a reasonably diligent search of the public records to be conducted, considering both the property's character and value and the interests to be acquired, in order to ascertain the identity of parties owning or having an interest in the Tract, and this search indicated that MDNR is the record title holder of the Tract and the only party in interest potentially affected by this taking.

16. Columbia began its Easement-acquisition efforts in 2016, and those efforts have included, among other things, making direct contact with representatives of MDNR, which is the record title holder of the Tract, through telephone calls, personal meetings, and/or written correspondence to discuss the Project and the related Easement rights sought by Columbia,

submitting requested documents and information to MDNR, and negotiating both the terms of acquisition and the form of the easement agreement with MDNR.

17. Columbia commissioned an appraisal by an independent appraiser licensed in the State of Maryland to determine the compensation due by reason of the imposition of the Easement sought for the Project (the "**Appraisal**").

18. Columbia offered MDNR consideration for the Easement in the amount of $5,000.00, an amount in excess of the compensation due as determined by the Appraisal.

19. Thereafter, negotiated and agreed-upon terms of a proposed easement agreement were reached, the execution of which would have obviated the need for these proceedings.

20. On information and belief, formal conveyance of the Easement rights pursuant to the negotiated and agreed-upon terms and form of the easement agreement requires approval by the Maryland Board of Public Works ("**BPW**"). After more than two years of effort by Columbia, the matter of approval of the conveyance of the Easement was placed on the agenda for the January 2, 2019 BPW meeting, at which Columbia's easement application was denied.

21. Columbia has attempted to negotiate the voluntary acquisition of the Easement to no avail; accordingly, Columbia has been unable to acquire the Easement by contract.

22. Upon information and belief based upon, among other things, the course of negotiations with MDNR and the negotiated Easement consideration, the amount claimed by the record title holder of the Tract relative to the outstanding Easement exceeds $3,000.

23. Columbia will timely join the Tract at issue and the sole defendant herein to this Action by service of a Notice of Condemnation, the form of which is attached hereto as **Exhibit C** and incorporated herein by this reference.

24. Based on the foregoing, Columbia has satisfied all of the jurisdictional prerequisites and may now exercise its federal powers of eminent domain related to the Project. Accordingly, Columbia is likely to succeed on the merits of this litigation.

**Right to Condemn**

25. The Natural Gas Act expressly permits a holder of a Certificate to acquire the necessary land and rights "by the exercise of the right of eminent domain" if it is unable to reach an agreement with the landowner. 15 U.S.C. § 717f(h).

26. As set forth above, Columbia is a holder of a Certificate.

27. Columbia has also been unable to acquire the Easement, which is necessary to the operation of the Project, by contract despite its exhaustive efforts to do so.

28. In accordance with the preliminary injunction moving papers filed contemporaneously herewith, Columbia is entitled to immediate access to and use of the Easement.

**The Tract and the Easement**

**Washington County, Maryland – Tract No. 1**

29. The legal description of Tract No. 1, along with the specific easement interests in and to Tract No. 1 that Columbia seeks (*i.e.*, the uses for which the property is to be taken and the interests are to be acquired), are depicted and described in detail in **Exhibit B**, which is attached hereto and incorporated herein by this reference.

30. The State of Maryland, Department of Natural Resources is the record title holder of the Tract, the only party in interest potentially affected by this taking, and the only entity that may claim an interest in Tract No. 1.

31. The Easement sought in this condemnation action, as depicted on **Exhibit B**, is among those expressly authorized by the Certificate.

32. The FERC-approved Project Route generally includes: (a) a fifty-foot-wide permanent easement to place, operate, replace and/or maintain the pipeline; (b) associated construction easements necessary to construct and/or replace the pipeline; and (c) all rights, including of ingress, egress, and reasonable access, necessary to construct, protect, repair, replace, upkeep, and maintain the pipeline and the permanent easement.

33. The Easement will be 102 feet long and 50 feet wide. The Easement comprises a portion of an approximately 4,294-foot horizontal directional drill ("HDD") that will, among other things, pass beneath the Tract at approximately 175 feet below the surface and beneath the Potomac River at a depth of approximately 114 feet. Neither the entry nor the exit point of the HDD is situated on the Tract at issue, accordingly, there is no contemplated disturbance of the surface of the Tract as a result of the Project.

34. The Easement, once condemned, will be subject to the terms and conditions, and devoted to the purposes, stated in the Certificate.

35. The right to use the Easement shall belong to Columbia and its agents, employees, designees, contractors, guests, invitees, successors and assigns, and all those acting by or on behalf of it for the above-stated purposes. As is more fully stated in **Exhibit B**, Columbia seeks all necessary rights for the purposes stated herein to exercise the rights granted by the Certificate.

36. The Project cannot be constructed in accordance with the FERC Certificate absent Columbia's acquisition and/or without this Court's Order granting to Columbia immediate rights of access to and use of the Easement in and to the Tract, all as is more fully discussed herein.

37. Columbia must commence active construction activities for the Project as soon as is practicable in order to meet the July 19, 2020 expiry deadline under the Certificate (the

"Certificate Expiry Date") and Columbia's contractually committed in-service date of November 1, 2020 (the "In-Service Deadline").

38. As is discussed in greater detail in Columbia's preliminary injunction moving papers, time is of the essence, and maintaining the Project schedule is critical, as, among other things, a delay in construction of the Project would likely prevent Columbia from timely finishing the Project and complying with its obligations under the FERC Certificate.

39. If any of the land within the Easement is subject to valid preexisting oil and gas leases, coal leases, surface leases, pipeline easements or easements for other purposes, Columbia's Easement rights acquired hereunder from and against the owners of such leases and/or, easements, are (i) acquired only to the extent necessary to carry out the rights granted to Columbia under the Easement sought, and (ii) to be exercised by Columbia so as to not unreasonably interfere with existing rights of such owners, provided, however, that Columbia shall be entitled in all events to use the Easement to carry out the purposes approved by the FERC in the Certificate. Columbia has named such owners to the extent they may claim some interest in the lands burdened by the Easement sought by Columbia. Defendant(s) who own any interest in a valid and existing lease and/or easement may use lands lying within the Easement for the uses authorized under the applicable lease and/or easement, provided such uses do not destroy, threaten, or unreasonably interfere with Columbia's permitted uses.

40. Columbia does not seek to acquire any royalty, working, revenue, overriding, or other oil, gas, or mineral interests. Defendant(s) shall, to the extent owned by Defendant(s), retain all the oil, gas, and other minerals in, on and under the Tract, including within the Easement; provided, however, Defendant(s) shall not be permitted to drill or operate equipment for the production or development of oil, gas, and minerals within or on the permanent pipeline easement

and/or the permanent access road easement, but Defendant(s) shall be permitted to extract the oil, gas and minerals from and under same by directional drilling and other means, so long as such activities do not damage, destroy, injure, threaten, and/or interfere with Columbia's use, operation, and maintenance of the Facilities or Columbia's use of said Easement for the purposes for which same are sought by Columbia

41. It is in the public interest and necessity, as evidenced by the Certificate, that the Easement as certified by FERC and described herein, and in **Exhibit B**, be condemned for the public purposes herein described.

42. The intended uses of the Easement to be taken are within the authority conferred by the Certificate.

43. Pursuant to Federal Rules of Civil Procedure 65(c), 67, and 71.1(j)(1), Columbia stands ready to deposit into the registry of the Court the amount of its rejected pre-condemnation offer, $5,000, or such other amount as may be deemed appropriate by this Court, together with a bond, pursuant to Fed. R. Civ. P. 65(c), for such additional amount as may be deemed appropriate by this Court.

**WHEREFORE**, Columbia prays that this Court enter an Order:

- Bifurcating the issues of (1) the determination of Columbia's right to acquire the property interest at issue through the exercise of eminent domain, and (2) just compensation for the taking;

- Declaring that Columbia is entitled to acquire the Easement for the purposes set forth herein;

- Finding in favor of Columbia and authorizing Columbia to condemn the Easement identified and described herein;

- Pursuant to the preliminary injunction moving papers filed contemporaneously herewith, granting Columbia immediate access to and use of the Easement identified and described herein, prior to the determination of just compensation, upon the posting of security required by the Court to begin pre-construction activities and construction of the Facilities while the issue of just compensation for the taking is resolved in this Court; and

- Ordering such other and further relief as may be appropriate under the circumstances, including, without limitation, such orders as may be necessary to effect the granting of the Easement sought herein to Columbia.

Dated: May 16, 2019                          Respectfully submitted,

By:  /s/
Alan M. Rifkin (MD Bar No. 11562)
Barry L. Gogel (MD Bar No. 25495)
Rifkin Weiner Livingston, LLC
225 Duke of Gloucester Street
Annapolis, Maryland 21401
T: 410.269.5066
F: 410.269.1235
arifkin@rwllaw.com
bgogel@rwllaw.com

John Haug (to be admitted pro hac vice)
David Fedder (to be admitted pro hac vice)
Michael Harriss (to be admitted pro hac vice)
Dentons US LLP
211 N. Broadway Suite 3000
St. Louis, MO 63102
T: 314.259.1800
F: 314.259.5959
john.haug@dentons.com
david.fedder@dentons.com
michael.harriss@dentons.com

*Attorneys for Plaintiff Columbia Gas Transmission, LLC*