IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| 0.12 ACRES OF LAND, MORE OR LESS, IN WASHINGTON COUNTY, MARYLAND; STATE OF MARYLAND, DEPARTMENT OF NATURAL RESOURCES, | ) ) ) ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S MOTION FOR AN ORDER OF CONDEMNATION AND FOR PRELIMINARY INJUNCTION

Plaintiff, Columbia Gas Transmission, LLC ("**Columbia**"), moves this Court, pursuant to Rules 71.1 and 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 717, *et. seq.*, for an order authorizing it to condemn the property interests described in its Complaint in Condemnation (the "**Easement**") and a preliminary injunction granting it immediate access to and use of the Easement. In support of this Motion, Columbia relies upon the pleadings filed in this action, the Declaration of Jacob Haney, P.E. ("**Haney Decl.**"), which is attached hereto as **Exhibit 1**, and incorporated by reference herein, and its Memorandum in Support, which is filed contemporaneously herewith and incorporated by reference herein.

The Federal Energy Regulatory Commission ("**FERC**") granted Columbia a Certificate of Public Convenience and Public Necessity for the project at issue on July 19, 2018, in FERC Docket No. CP17-80-000 (the "**FERC Certificate**"). The FERC Certificate approves the construction and operation of approximately 3.37 miles of 8-inch diameter natural gas pipeline (the "**Project**"). The subject pipeline will commence at interconnections with Columbia's Line 1804 and Line 10240 in Fulton County, Pennsylvania and extend through Washington County, Maryland, to a point of

delivery with the local distribution system of Mountaineer Gas Company, the project shipper, in Morgan County, West Virginia. The primary purpose of this Project is to provide up to 47,500 dekatherms per day (Dth/d) of incremental firm transportation service to serve markets in West Virginia, in addition to serving multiple communities by increasing supply options and enabling the safe and reliable transport of natural gas, and the Easement will be used to that end.

The FERC Certificate grants Columbia the power of eminent domain pursuant to 15 U.S.C. § 717f(h). Indeed, as a matter of law, Columbia is authorized to condemn the Easement, which is necessary to the operation of Columbia's Project. Columbia has attempted to negotiate the voluntary acquisition of the Easement, which efforts are described in detail in Columbia's Memorandum in Support, to no avail; accordingly, Columbia has been unable to acquire the Easement by contract. (Haney Decl., Ex. 1 at ¶¶ 13-22). Columbia has also complied with the requirements of Federal Rule of Civil Procedure 71.1.

Upon the Court's affirmation that Columbia has established its substantive right to condemn the Easement, Columbia should be granted immediate access to and use of the Easement by way of a preliminary injunction. *See, e.g.*, *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 215 (4th Cir. 2019); *Columbia Gas Transmission, LLC v. 252.071 Acres More or Less*, CV ELH-15-3462, 2016 WL 1248670, at *19 (D. Md. Mar. 25, 2016); *Columbia Gas Transmission, LLC v. 84.53 Acres of Land, More or Less, In Calhoun, Marshall, Ritchie, Tyler, & Wetzel Cntys., W. Virginia*, 310 F. Supp. 3d 685, 689 (N.D. W. Va. 2018).

The Project, as approved, contemplates an approximately 4,294-foot HDD to pass beneath multiple tracts of real property, including the Tract, and there are significant construction activities for the Project as a whole. The Easement is an integral portion of the HDD, as the HDD could not

be completed as approved by the FERC Certificate without it. Additionally, critical strategic planning is required to schedule and coordinate the performance of the significant construction activities along the Project Route. While the HDD process requires significant coordinating and scheduling on its own, the particular work to be done on this Tract requires even more rigorous coordination because, among other things, the HDD must pass below the Potomac River—a highly-complex crossing that is unique to the tract on which this Easement is located. Any uncertainty regarding access to and use of the Easement, as well as any other deviations from the construction and project-management schedules, will prevent the HDD from commencing, thereby hindering the critical strategic planning and coordination.

Therefore, without the preliminary injunction Columbia will not be able to prosecute construction activities as scheduled and contracted. If Columbia does not obtain the right of immediate access, it will prevent the necessary mobilization of Columbia's Project construction contractors (and their subcontractors and materialman), exposing Columbia to, among other things, substantial damages associated with delay and/or loss of qualified contractors to perform the very specialized work associated with the pipeline installation at issue. Indeed, if not allowed immediate access to and use of the Easement, Columbia's construction schedule is almost certainly unattainable, and Columbia's ability to complete the Project before the July 19, 2020 expiry deadline under the Certificate (the "**Certificate Expiry Date**") and Columbia's contractually committed in-service date of November 1, 2020 (the "**In-Service Deadline**") would be seriously jeopardized.

Additionally, Columbia's business reputation with its contractors, both those associated with the Project and others in the industry in general, would be irreparably harmed as a result of any significant delay in the Project. In sum, if the Project's construction schedule is substantially

and materially impaired, this could threaten the viability of the Project and cause immeasurable, non-compensable harm to Columbia's business reputation and goodwill. Immediate access to and use of the Easement is therefore necessary to ensure that Columbia can complete the Project before the Certificate Expiry Date, comply with its obligations, and meet its In-Service Deadline.

Meanwhile, the balance of equities demonstrably weighs in Columbia's favor. Because the determination of the amount of just compensation owing by reason of Columbia's appropriation of the Easement will not be impacted by immediate access to and use of the Easement, Defendant will suffer no harm by virtue of the granting of expedited access and use.

Finally, the public interest weighs in favor of granting a preliminary injunction because, among other reasons, expeditious completion of the Project requires immediate access. The Project is integral to bringing high-quality natural gas to market through safe, secure, and reliable methods, which will directly benefit the general public.

Based on the foregoing, and for the reasons more fully stated in Columbia's Memorandum in Support, Columbia respectfully requests that this Court enter an order of condemnation and use its inherent equitable power to award a preliminary injunction granting Columbia immediate access to and use of the Easement for the purposes of the Project.

Dated: May 16, 2019                                  Respectfully submitted,

                                          By:    /s/_____
                                                 Alan M. Rifkin (MD Bar No. 11562)
                                                 Barry L. Gogel (MD Bar No. 25495)
                                                 Rifkin Weiner Livingston, LLC
                                                 225 Duke of Gloucester Street
                                                 Annapolis, Maryland 21401
                                                 T:  410.269.5066
                                                 F:  410.269.1235
                                                 arifkin@rwllaw.com
                                                 bgogel@rwllaw.com

                                                 John Haug (to be admitted pro hac vice)
                                                 David Fedder (to be admitted pro hac vice)
                                                 Michael Harriss (to be admitted pro hac vice)
                                                 Dentons US LLP
                                                 211 N. Broadway Suite 3000
                                                 St. Louis, MO 63102
                                                 T:  314.259.1800
                                                 F:  314.259.5959
                                                 john.haug@dentons.com
                                                 david.fedder@dentons.com
                                                 michael.harriss@dentons.com

                                                 *Attorneys for Plaintiff Columbia Gas Transmission, LLC*

109895913

5