UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 12, 2019

MEMORANDUM TO COUNSEL RE:   Columbia Gas Transmission, LLC v. .12 Acres of Land, More or Less, in Washington County, Maryland, State of Maryland, Department of Natural Resources
Civil Action No. GLR-19-1444

Dear Counsel:

Pending before the Court is Chesapeake Climate Action Network, Potomac Riverkeeper Network, Sierra Club, and Waterkeepers Chesapeake's (collectively, the "Amici") Motion for Leave to File Brief as Amicus Curiae (ECF No. 34).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the following reasons, the Court will deny the Motion.

In short, Plaintiff Columbia Gas Transmission, LLC ("Columbia Gas") seeks to build a pipeline to carry natural gas from Pennsylvania, through Western Maryland and under the Potomac River, to West Virginia (the "Pipeline"). (Compl. ¶ 8, ECF No. 1). Because the Maryland Department of Natural Resources ("MDNR") declined to grant Columbia Gas an easement to drill and connect the Pipeline under a tract of MDNR land, Columbia Gas has filed a Complaint in Condemnation, (ECF No. 1), and a Motion for Order of Condemnation and for Preliminary Injunction, (ECF No. 2).

On June 24, 2019, Amici filed their Motion for Leave to File Brief as Amicus Curiae. (ECF No. 34). On July 8, 2019, Columbia Gas filed its Opposition. (ECF No. 36).

Amici argue that they have opposed the Pipeline because it conflicts with their missions and that their brief ("Proposed Amicus Brief") provides the Court with information about the risks and public controversy surrounding the Pipeline not contained in the parties' filings. Columbia Gas counters that the Proposed Amicus Brief would impermissibly expand the scope of the issues before the Court, attempts to relitigate the Federal Energy Regulatory Commission's decision to grant Columbia Gas a Natural Gas Act certificate, and would not be "helpful" as U.S. Court of Appeals for the Fourth Circuit and this District generally require.

---

[1] Also pending before the Court is Columbia Gas's Plaintiff's Motion for Expedited Hearing on its Motion for an Order of Condemnation and for Preliminary Injunction (ECF No. 4). In light of the hearing scheduled for August 13, 2019, Columbia Gas concedes that the Motion is moot. (Pl.'s Reply Supp. Mot. Exped. Hearing at 1, ECF No. 37). As a result, the Court will deny the Motion as moot.

The Court has discretion to grant or deny motions for leave to participate as amici. Washington Gas Light Co. v. Prince George's Cty. Council, No. DKC 08-0967, 2012 WL 832756, at *3 (D.Md. Mar. 9, 2012), aff'd, 711 F.3d 412 (4th Cir. 2013). District courts have allowed amici to participate "where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." Id. (quoting Bryant v. Better Bus. Bureau of Greater Md., Inc., 923 F.Supp. 720, 728 (D.Md. 1996)).

Here, the Court concludes that the Proposed Amicus Brief ranges beyond the discrete issues the parties have asked the Court to decide and would not help to resolve the pending Motions. As a result, the Court will not permit Amici to file the Proposed Amicus Brief.

For the foregoing reasons, Columbia Gas's Plaintiff's Motion for Expedited Hearing on its Motion for an Order of Condemnation and for Preliminary Injunction (ECF No. 4) is DENIED AS MOOT. Amici's Motion for Leave to File Brief as Amicus Curiae (ECF No. 34) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

George L. Russell, III
United States District Judge